# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| INTELLIGENT INVESTMENTS, INC., | ) ) | |
| Plaintiff, | ) ) | No. 18-1221C |
| v. | ) ) | Filed: June 22, 2021 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## DISMISSAL ORDER

In this Contract Disputes Act ("CDA") action, Intelligent Investments, Inc., seeks to recover monetary damages from the government in connection with the termination for convenience of its contract to provide certain disaster debris collection and removal services in Joplin, Missouri for the United States Army Corp of Engineers. *See generally* Compl. Since August 2019, the parties have been engaged in discovery. *See* Scheduling Order, dated Aug. 19, 2019. During the discovery period for this case, counsel for plaintiff has repeatedly failed to respond to the government's discovery requests and failed to comply with the schedule set by the Court for the completion of discovery, significantly contributing to a 14-month delay of the completion of discovery in this case. *See* Def. Mot. to Dismiss; *see also* Order, dated Feb. 8, 2021, at 1-2. And so, for the reasons set forth below, the Court: (1) **DISMISSES** this matter with prejudice, pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Rules of the United States Court of Federal Claims ("RCFC") and (2) **DENIES** plaintiff's motion to stay further proceedings.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Intelligent Investments, Inc., commenced this CDA action on August 15, 2018. *See* Compl. Plaintiff seeks to recover monetary damages from the government in connection with the termination for convenience of its contract to provide certain disaster debris collection and removal services in Joplin, Missouri for the United States Army Corp of Engineers. *See generally id.*

Since August 2019, the parties have been engaged in discovery. Pursuant to the Court's Scheduling Order dated August 19, 2019, fact discovery was initially scheduled to be completed on or before April 24, 2020. Scheduling Order, dated Aug. 19, 2020. On April 20, 2020, the Court extended the deadline for the completion of fact discovery to September 21, 2020, at the parties' request. *See* Scheduling Order, dated Apr. 20, 2020; *see also* Def. Mot. Ext. Time, dated Apr. 20, 2020. On October 1, 2020, the Court again extended the deadline for the completion of fact discovery to February 18, 2021, at the parties' request. *See* Scheduling Order, dated Oct. 1, 2020; *see also* Def. Mot. Ext. Time, dated Sept. 16, 2020.

On November 24, 2020, the government moved to dismiss this matter for failure to prosecute pursuant to RCFC 41(b). Def. Mot. to Dismiss. In its motion to dismiss, the government advised that plaintiff had failed to, among other things, respond to the government's document requests dated April 17, 2020, and that plaintiff's counsel had failed to respond to correspondence from government counsel regarding this outstanding discovery. *Id.* at 6.

After plaintiff failed to timely respond to the government's motion to dismiss, the Court issued a Show Cause Order on December 16, 2020, directing plaintiff to respond to the government's motion by January 8, 2021. Order to Show Cause, dated Dec. 16, 2020. Plaintiff filed a response and opposition to the government's motion on January 8, 2021. *See generally* Pl. Resp.

On February 8, 2021, the Court denied the government's motion to dismiss, and the Court directed plaintiff to respond to all of the government's outstanding discovery requests by March 8, 2021. Order, dated Feb. 8, 2021. In the Court's February 8, 2021, Order, the Court observed that "[t]he government's concerns about plaintiff's outstanding discovery responses and the conduct of plaintiff's counsel are well-founded." *Id.* at 1. But, the Court concluded that, "given plaintiff's representation to the Court that it will respond to the government's outstanding discovery requests, the Court is reluctant to dismiss this case with prejudice at this time." *Id.* at 1-2. And so, the Court directed plaintiff to provide the outstanding discovery responses to the government on or before March 8, 2021. *Id.* at 2. The Court also informed the parties that, "[s]hould plaintiff fail to comply with this Order, the Court shall dismiss this case pursuant to RCFC 41(b)." *Id.*

After plaintiff requested additional time to respond to the outstanding discovery, the Court held a status conference with the parties on April 15, 2021. *See generally* Tr., dated Apr. 22, 2021. Thereafter, the Court ordered plaintiff to "conduct a search for any documents responsive to the government's April 17, 2020, document requests numbers 13 through 19, and to produce any such responsive documents to the government, on or before May 15, 2021." Scheduling Order, dated Apr. 15, 2021 (emphasis removed).

On June 1, 2021, the government filed a joint status report advising that plaintiff had not provided any responsive documents to the government. *See* Joint Status Report, dated June 1, 2021. On June 10, 2021, plaintiff filed a motion to stay proceedings due to the hospitalization of Intelligent Investment, Inc.'s sole officer. Pl. Mot. to Stay, dated June 10, 2021. And so, to date, plaintiff has not provided the outstanding discovery to the government. *See id*. at ¶¶ 9, 18.

## II.　LEGAL STANDARDS

Pursuant to RCFC 16(f), this Court has the authority to impose sanctions—including the dismissal of a case. Specifically, RCFC 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by RCFC 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." RCFC 16(f)(1)(C). RCFC 37(b) further provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under RCFC 16(b) . . . the Court may . . . dismiss[] the action in whole or in part." RCFC 37(b)(2)(A)(v).

This Court has also recognized that "[t]he ability to schedule and control pretrial proceedings would mean very little if the court did not have the power to enforce its orders." *Pac. Gas & Elec. Co. v. United States*, 82 Fed. Cl. 474, 479 (2008); *see also Pryde v. United States*, 2017 WL 2290966, at *2 (Fed. Cl. May 25, 2017). Given this, the Court has "inherent powers enabling [it] to manage [its] cases and courtroom effectively and to ensure obedience to [its] orders." *Pac. Gas & Elec. Co.*, 82 Fed. Cl. at 480 (citation omitted) (brackets existing); *see also Pryde*, 2017 WL 2290966, at *2. And so, the Court may enforce its orders by using either its inherent powers, or the authority provided by RCFC 16(f) and 37(b).

## III. LEGAL ANALYSIS

The circumstances presented in this case warrant the dismissal of this action under RCFC 16(f) and 37(b). A careful review of the litigation history for this matter shows that plaintiff has repeatedly failed to comply with the Court's scheduling orders governing the completion of discovery and that plaintiff has also failed to respond to the government's long outstanding discovery requests. *See* Order, dated Feb. 8, 2021; *see also* Scheduling Order, dated Apr. 15, 2021; Joint Status Report, dated June 1, 2021; Pl. Mot. to Stay, dated June 10, 2021.

In this regard, plaintiff has not complied with the Court's April 20, 2020, Scheduling Order setting the close of non-expert discovery for September 21, 2020, by failing to respond to the government's discovery requests by that date. *See* Order, dated Feb. 8, 2021, at 1. Plaintiff similarly failed to comply with the Court's February 8, 2021, Order, because it did not respond to the government's outstanding discovery requests by March 8, 2021, as directed by the Court. *See id.* at 2; *see also* Pl. Mot. Ext. Time, dated Mar. 8, 2021. In addition, plaintiff failed to comply with the Court's April 15, 2021, Scheduling Order, because it did not provide the documents responsive to the government's discovery request by May 15, 2021, as directed by the Court. *See* Joint Status Report, dated June 1, 2021; *see also* Pl. Mot. to Stay, dated June 10, 2021.

The government's filings in this case also make clear that plaintiff's counsel has repeatedly failed to communicate with government counsel regarding the status of this outstanding discovery. *See, e.g.*, Def. Mot. Ext. Time, dated Sept. 16, 2020. As a result of this conduct, the completion of fact discovery in this CDA matter has been delayed by 14 months.[1]

---

[1] Plaintiff represents to the Court that the delay in responding to the outstanding discovery has been due to the COVID-19 pandemic, severe winter weather, and the recent hospitalization of the sole officer of Intelligent Investment, Inc. *See* Pl. Resp., dated Jan. 8, 2021; *see also* Pl. Mot. Ext. Time, dated Mar. 8, 2021; Pl. Mot. to Stay, dated June 10, 2021, at 3-5. But, these understandable challenges do not justify a delay of more than one year in responding to the government's discovery requests.

## VI. CONCLUSION

And so, pursuant to RCFC 16(f) and 37(b)(2)(A)(v), the Court:

1. **DISMISSES** this matter with prejudice; and

2. **DENIES** plaintiff's motion to stay further proceedings, dated June 10, 2021.

The Clerk's Office is directed to **ENTER** final judgment consistent with this order.

No costs.

**IT IS SO ORDERED.**

                                        s/ Lydia Kay Griggsby
                                        LYDIA KAY GRIGGSBY
                                        Judge